This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42005**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**KENNETH S.,**

      Respondent-Appellant,

and

**NOEL L.,**

      Respondent,

**IN THE MATTER OF L.S. and M.S., Children.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Court Judge**

Children, Youth & Families Department
Mary E. McQueeny, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

# MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Kenneth S. (Father) appeals the termination of his parental rights. In our notice of proposed disposition, we proposed to affirm. [CN 8] Father filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Father maintains that the Children, Youth and Families Department (CYFD) did not make reasonable efforts to assist him in alleviating the causes and conditions that brought Children into custody. [MIO 9] Specifically, Father argues that CYFD's efforts were unreasonable because it did not do enough to assist Father with medication management or seek alternative treatment professionals. [MIO 10, 12] As we explained in our notice of proposed disposition, CYFD is not required to do everything possible, and our job on appeal is to determine whether CYFD complied with the minimum required by law. [CN 6] *See State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 27, 132 N.M. 299, 47 P.3d 859 (stating that "CYFD is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent"). Although Father may have preferred to have different services than he received, the facts stated in the memorandum in opposition do not persuade this Court that the efforts CYFD actually made were legally inadequate. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}** For the reasons stated in our notice of proposed disposition and herein, we affirm the termination of Father's parental rights.

**{4}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**